**ISLAND ROAD BOTTLING CO. v. DRINK-MOR BEVERAGE CO.**

Patent Appeal No. 4789.

Court of Customs and Patent Appeals.

Jan. 3, 1944.

Caesar & Rivise, of Philadelphia, Pa. (A. D. Caesar, of Philadelphia, Pa., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Commissioner of Patents (speaking through an assistant commissioner) in a trade-mark registration controversy which originated as an opposition proceeding, but which, by reason of the final decision of the commissioner, hereinafter stated, and the failure of Drink-Mor Beverage Company to appeal, became an ex parte case. See decision of this court in Island Road Bottling Co. v. Drink-Mor Beverage Co., 132 F.2d 129, 30 C.C.P.A., Patents, 708.

The factual aspects of the controversy are somewhat unusual.

On June 24, 1940, the Island Road Bottling Company filed an application, serial No. 433,315, for registration, under the Trade-Mark Registration Act of February 20, 1905, 15 U.S.C.A. § 81 et seq., of the notation "Mammy's" as a trade-mark for "nonalcoholic, noncereal, maltless beverages sold as soft drinks, and syrups, extracts and flavors used in making same," use of such mark being alleged "since May 1, 1940." It was published in the Official Gazette of the Patent Office August 13, 1940, and, on September 12, 1940, Drink-Mor Beverage Company filed notice of opposition to the registration so sought. In the notice of opposition no registered mark was

pleaded, but use and ownership of the notation "Ma's" as a trade-mark for goods of the same descriptive properties was asserted, use thereof being alleged "continuously since long prior to May 1, 1940"— the date claimed by applicant. A specimen label stated to represent the form in which the "Ma's" mark was used was attached to and made a part of the notice, which notice contained allegations in the usual form respecting injury to the opposer.

In its answer to the notice of opposition applicant conceded that the goods of the respective parties were of the same descriptive properties but, in effect, denied confusing similarity as to the marks, likelihood of injury to opposer, etc. An important statement in the answer, as the case subsequently developed, read as follows:

"Applicant denies that the Opposer is using the label attached to the Notice of Opposition. On the contrary, Applicant avers on information and belief that Opposer is not using and has not used the label attached to the Notice of Opposition."

Testimony was taken by both parties, but before considering the testimony it is necessary, under the presentation here made, to recite another matter as a part of the history of the case.

It appears from the record that on January 27, 1940, Drink-Mor Beverage Company filed an application (serial No. 427,-929) for registration of the notation "Ma's" as a trade-mark for beverages of the type, or kind, already described, use of same being alleged since January 9, 1940. That application antedated the application of Island Road Bottling Company here at issue, but no reference was made to it in the notice of opposition. To state the matter differently, although opposer had pending at the time of filing its notice of opposition an application for registration of the mark which it alleged it was using, no reference was made to such application in the notice. So, the attention of Island Road Bottling Company was not directed to it by the notice.

The testimony on behalf of Drink-Mor Beverage Company, which appears to have been a partnership, was taken December 21, 1940. Among the witnesses examined on that date was Isaac Rothstein, one of the partners in the company who seems to have been in charge of the company's plant or plants. He stated, in substance, that he procured two thousand labels bearing the imprint "Ma's Old Fashion Root Beer," and that some twelve hundred of those labels were applied to bottles of root beer which were shipped to various points during the months of January and February 1940, and that after the batch of labels was exhausted during those months he did not subsequently bottle any syrup on which labels bearing the imprint were applied. He was asked by his counsel, "Why not," and replied:

"A. Well, there was a dispute came up on that over some opposition there, and before we would go ahead and invest any money advertising more labels, we wanted to know where we stood."

The witness was not cross-examined and the above was the only reference in any of the testimony to any "opposition." However, after the conclusion of all the testimony on behalf of Drink-Mor Beverage Company and immediately before the certificate of the notary, the following statement appears in the record:

"(Counsel for the *opposer* and the *applicant* wish to point out that the matter of opposition referred to by the first witness, Isaac Rothstein, was opposition No. 19,869, filed by Chicago Distilled Water & Beverage Co., of 2800 North Tamlin Avenue, Chicago, Illinois, against application serial number 427929, filed on January 27, 1940, by Drink-Mor Beverage Company of Wilkes-Barre, Pa., and published in the Official Gazette of the United States Patent Office on April 2, 1940, page 25, column 2.)" (Italics ours).

The record shows that counsel for Island Road Bottling Company was present during the taking of the testimony on behalf of Drink-Mor Beverage Company and (although he did not cross-examine any of the witnesses) frequently made objection to some of the questions asked certain of them.

Inasmuch as the parenthetical statement above quoted recited that counsel for the opposer and the applicant "wish to point out," etc., it would seem that Island Road Bottling Company knew on that date (December 21, 1940) of the pendency of an opposition to the Drink-Mor Beverage Company's application.

On March 19, 1941, subsequent to the closing of the testimony in the instant case (Island Road Bottling Company having completed its testimony in February 1941) the Examiner of Interferences dismissed the notice of opposition of Chicago Dis-

tilled Water & Beverage Company, Inc. (it "having failed to file any testimony within the time allowed for that purpose") to the application of Drink-Mor Beverage Company and adjudged the latter entitled to the registration which it sought.

The certificate of registration was issued May 20, 1941, which was after the time had been set for final hearing of the instant case before the Examiner of Interferences on June 11, 1941.

In the decision of the Examiner of Interferences, rendered June 23, 1941, it was stated that a copy of the registration so issued was attached to the brief on behalf of Drink-Mor Beverage Company filed before him at the hearing. With respect to it he held, in effect, that since no notice was given under Patent Office rule 154 (e), 35 U.S.C.A. Appendix, of an intention to use the application or the registration resulting therefrom as evidence, it might not be properly utilized, and so he declined to consider it, but he stated:

"Moreover, any prima facie evidence of use of the mark afforded by this registration has been overcome by the testimony as heretofore stated."

In a prior part of his decision the Examiner of Interferences had found from the testimony that Drink-Mor Beverage Company had, in January 1940, procured the printing of labels bearing the notation "Ma's," which labels it had affixed to bottled root beer sold by it; that the supply of such labels was soon exhausted and no further use of the mark was made after February 1940 to the time the testimony was taken, and that the opposer (Drink-Mor Beverage Company) was not using the notation relied upon either at the time it filed the notice of opposition or within the seven-month period immediately preceding such time.

Having so found, the examiner of Interferences dismissed the notice of opposition and held Island Road Bottling Company entitled to the registration which it sought.

Drink-Mor Beverage Company took appeal to the commissioner, alleging, inter alia, that the Examiner of Interferences erred in holding that the prima facie evidence of use of the mark afforded by the registration of May 20, 1941, had been overcome by the testimony, and that he erred in not holding that applicant's mark should be refused on that registration.

In the course of his decision the commissioner, after quoting the statement above quoted from the record relative to the application of Drink-Mor Beverage Company and the opposition. of Chicago Distilled Water & Beverage Company thereto, together with rule 154(e), said:

"Clearly, the notice contemplated by Rule 154 (e) is notice of intention to present the record or special matter as evidence at the hearing. Although the statement referred to identifies the application on which registration No. 387,476 issued I find nothing in the statement which serves notice of any intention on the part of either party to offer the application in evidence at final hearing. Mere notice of the existence of a record or special matter without notice of intention to use it as evidence is not, in my opinion, a compliance with the provisions of Rule 154 (e). Therefore I consider the examiner to have been correct in excluding the registration as evidence in support of the notice of opposition.

"Opposer's record shows affirmatively that opposer stopped applying the mark to its goods and distributing goods with the mark applied thereto after February 1940, and shows no resumption of use of the mark. The notice of opposition was filed September 12, 1940. Further there is no testimony of any intention to resume use of the mark. Since the record shows opposer has not used the mark since February, 1940 and shows no intention by opposer of resuming use of the mark, the opposer has failed to establish by competent evidence probable damage by registration of applicant's mark, and for this reason the notice of opposition cannot be sustained." Touraine Co. v. F. B. Washburn & Co., 52 App. D.C. 356, 286 F. 1020, 309 O.G. 676.

However, after the foregoing holding which, in effect, affirmed the decision of the Examiner of Interferences, so far as dismissal of the notice of opposition was concerned, the commissioner continued:

"Nevertheless, the right of applicant to registration in view of the registration No. 387,476 issued to opposer must be considered even though the registration issued after the notice of opposition was filed." Sparklets Corporation v. Walter Kidde Sales Co., 104 F.2d 396, 26 C.C.P.A. 1342.

He then held that the marks "Ma's" and "Mammy's") had "the same significance and considerable similarity in appearance and in sound," and that their concurrent use on identical goods would "be likely to

result in confusion and mistake and to deceive purchasers."

Then, returning to the registration of May 20, 1941, he said:

"A registration is prima facie evidence of ownership and use of the mark and to my mind abandonment by opposer has not been shown. The fact that opposer prosecuted the application for this registration successfully through an opposition proceeding and took out the registration would seem to indicate that opposer did not intend to abandon the mark and offsets any inference to the contrary that might be drawn from opposer's nonuse of the mark after February 1940. Further, in my opinion the mere fact that opposer was not successful in introducing the registration in evidence does not deprive the registration of being prima facie evidence of ownership and use. The registration issued on an application filed prior to the date of first use claimed by applicant of its mark, and in my opinion bars the grant of the registration for which applicant has applied.

"In view of the above the decision of the examiner of interferences dismissing the notice of opposition is affirmed. His decision adjudging applicant entitled to the registration for which it has made application is reversed and it is adjudged, ex parte, that applicant is not entitled to the registration for which it has made application."

So, it appears from the foregoing that although the notice of opposition was dismissed and Drink-Mor Beverage Company thereby eliminated as a party to the case (in the absence of an appeal by it from the judgment of dismissal, which it did not take), nevertheless the registration which it had obtained was considered ex parte by the commissioner and, in effect, made the basis of his ex parte decision, reversing the decision of the Examiner of Interferences, so far as it adjudged the applicant entitled to registration of the notation "Mammy's."

After unsuccessfully seeking a rehearing by the commissioner, applicant appealed to this court, and a record in which the case naturally was styled as it had been considered in the Patent Office was certified to us.

After it had been so certified, Drink-Mor Beverage Company, evidently regarding itself as still being a party, filed application for certiorari to correct diminution of the record, seeking to have the certificate of registration of the "Ma's" mark (No. 387,-476) included. Upon examining the record, we found upon the facts as above recited that it had become, in fact, an ex parte case, and held Drink-Mor Beverage Company not to be a party to the appeal "other than in form" and, therefore, not entitled to make the motion respecting diminution of the record or to appear in any other respect as a party. Island Road Bottling Co. v. Drink-Mor Beverage Co., supra.

In our decision there we pointed out that the controversy had become one solely between appellant, and the Commissioner of Patents representing the public, and stated that the Solicitor for the Patent Office should take part in the proceeding, representing the commissioner.

The Solicitor did this. Within due time he filed motion to have certificate No. 387,-476 for the notation "Ma's" made a part of the record. His motion was granted by us December 1, 1942, and it became part of the record printed January 26, 1943. (It may be said here that we obtained the dates above recited as to the filing of the application and the issuance of the registration from that document, while the information respecting the outcome of the opposition of Chicago Distilled Water & Beverage Company, Inc., was obtained from the final decision of the Examiner of Interferences in that case, which was a part of the record as originally certified to us.) The solicitor, on July 9, 1943, filed a brief in answer to the brief of appellant, which had been filed June 21, 1943, and appeared and made oral argument before us at the hearing.

From the facts above recited, it is obvious that the case, as already has been stated, presents unusual features.

As has been indicated, the certificate of registration issued May 20, 1941, to Drink-Mor Beverage Company shows that the application for it was filed January 27, 1940, and that use of the mark ("Ma's") was alleged "since January 9, 1940." So, that application antedated the application of appellant, filed June 24, 1940, and the date of beginning use alleged (January 9, 1940) antedated the date of the beginning use of "Mammy's" alleged by appellant (May 1, 1940). It may be further pointed out that *at the time of filing the application* (January 27, 1940) Drink-Mor Beverage Company appears to have been actually using the mark on the labels which it had caused to be printed, although a few weeks

later it ceased to use it and was not using it at the time the notice of opposition was filed, nor at the time the certificate was issued, as was found by the tribunals below.

At this point it is proper to note that the Island Road Bottling Company had *constructive* notice of the application of Drink-Mor Beverage Company by reason of the publication in the Official Gazette of April 2, 1940, but obviously Island Road Bottling Company had no interest in the matter on that date since its application was not filed until June 24, 1940, and no use of the notation "Mammy's" was claimed by it earlier than May 1, 1940. So, the constructive notice afforded by the publication has no particular bearing on the case. Island Road Bottling Company, however, did have actual notice as early as December 21, 1940, of the pending of the application of Drink-Mor Beverage Company and the fact that that application was involved in an opposition proceeding, but, so far as the record discloses, it took no action relative thereto.

It is true, of course, that appellant here had no notice, actual or constructive, of the registration of the Drink-Mor Beverage Company's "Ma's" mark until after the instant case was ready for trial before the Examiner of Interferences, because the certificate of registration was not issued until May 20, 1941, and, as has been stated, that certificate was given no weight by the tribunals of the Patent Office in determining the opposition proceeding.

The commissioner did consider it, however, in connection with the determination of the case ex parte, and appellant claims that this was error.

Numerous reasons of appeal were stated in connection with the appeal to us, but there was no claim of error respecting the commissioner's holding to the effect that the marks, "Ma's" and "Mammy's," have the same significance and considerable similarity in appearance and sound so that when applied to identical goods confusion, mistake, and deception of purchasers would be likely. We, therefore, have no occasion to consider or pass upon that question.

In the final analysis appellant's claim, in effect, is that use of the "Ma's" mark was shown by the testimony taken in the opposition proceeding to have been abandoned prior to its registration and that, therefore, it was error on the part of the commissioner to reject its application upon the basis of such registration.

The brief on behalf of appellant states:

"In view of the *facts established* by the *concurrent decisions* of the Examiner of Interferences and the Commissioner of Patents, there only remains for consideration the Commissioner's anomalous holding that, in spite of the fact that Opposer had discontinued use of the trade-mark Ma's months before it filed the Notice of Opposition, in spite of the fact that Opposer discontinued use of the mark Ma's almost two months before the publication date of the application which matured into Certificate No. 387,476, in spite of the fact that Opposer had shown no intention of resuming the use of the mark Ma's, in spite of the fact that Opposer was not using the trade-mark Ma's when Certificate No. 387,476 issued and had not been using said trade-mark Ma's during almost the entire fifteen month period that the application which matured into said Certificate No. 387,476 was pending in the Patent Office, and in spite of the fact that said Certificate No. 387,476 was not admissible under Rule 154-e, nevertheless said Certificate No. 387,-476 was a basis for ruling ex parte that the Appellant was not entitled to the registration for which it had made application." (Italics quoted.)

It is then argued that the commissioner's decision is anomalous and that he made inconsistent rulings, basing his decision "on the assumption that a certificate of registration is prima facie evidence of ownership and use of a mark and that to his mind 'abandonment by the Opposer had not been shown'." It is contended that the prima facie evidence of ownership and use implied in a registered mark is merely a rebuttable presumption which can be overcome by competent evidence, and that it was overcome in this case by (1) the evidence of an official of Drink-Mor Beverage Company who stated that use of the mark "Ma's" was discontinued about a month after the filing of the application for its registration; (2) by the fact that Drink-Mor Beverage Company failed to use the mark during substantially the entire fifteen-month period prior to the issuance of the certificate of registration, and (3) that that concern failed to present evidence of an intention to resume use of the mark.

We think it unnecessary to state appellant's contentions in greater detail. They have been very carefully studied and considered together with the authorities cited and discussed in appellant's brief. How-

ever forceful its contentions and arguments might be were this a *cancellation* proceeding, we are unable to agree that they are applicable here. In the final analysis, appellant's position is that the registration issued to Drink-Mor Beverage Company was invalid at the very time the certificate was issued, because use of the mark had been abandoned prior to that time.

■ It is well settled by a long line of consistent decisions that the validity of a registered mark cannot be challenged in an opposition proceeding. In the case of Englander, etc., v. Continental Distilling Co., 95 F.2d 320, 323, 25 C.C.P.A., Patents, 1022, we cited an extensive list of decisions so holding. The holding grows out of the terms of the statute relating to oppositions, by which statute the Patent Office and the courts, of course, are bound. See sections 6 and 7 of Trade-Mark Registration Act, 15 U.S.C. §§ 86 and 87, 15 U.S.C.A. §§ 86, 87.

In its brief and in a supplemental brief filed by permission of the court appellant has endeavored to distinguish the instant case from the Englander case, supra, and the several cases therein cited. It is true that the facts of this case differ from the facts of those cases, but this difference does not, in our opinion, affect the principle of law involved. In our decision in the Englander case, supra, after the citation of the many prior decisions, we said:

"It was pointed out in our decisions in some of those cases that the Congress specially provided, in section 13 of the Trade-Mark Act, supra, * * * for proceedings for the cancellation of a trade-mark registration by one who deemed himself injured by such registration, and that, if an interested party desired to question the va-lidity of a trade-mark registration, he should proceed in accordance with the provisions of that section."

■ Certainly, no principle of the trade-mark registration law is better settled than that the validity of a registered mark may not be attacked in an opposition proceeding. Whether such an attack might be made in an interference proceeding need not be passed upon here because there was no such proceeding in this case. We think it obvious that in a case where, as here, the question becomes an ex parte one, the testimony taken in an opposition proceeding may not be relied upon to show the invalidity of a registered mark.

We know of no reason why appellant (even after the case had been set for final hearing before the Examiner of Interferences) might not, upon learning of the issuance of the certificate, properly have requested a continuance and instituted a cancellation proceeding under section 13, 15 U.S.C. § 93, 15 U.S.C.A. § 93, of the Trade-Mark Registration Act, and we apprehend that, under the particular facts appearing, such an application probably would have been granted and the opposition case suspended pending the outcome of a cancellation proceeding. This we say merely to indicate that appellant was not without opportunity for remedy if it had a grievance proper to be remedied.

■ Whatever the possibilities might have been in that regard in this case, however, it is clear to us that upon the facts appearing and the law applicable thereunder appellant may not prevail in this proceeding.

The decision of the commissioner is affirmed.

Affirmed.