**L. & C. HARDTMUTH, INC., Appellant,**

v.

**FABRIQUE SUISSE DE CRAYONS CARAN D'ACHE S.A., Appellee.**

Patent Appeal No. 6670.

United States Court of Customs and Patent Appeals.

March 3, 1961.

Alexander, Maltitz, Derenberg & Sullivan, New York City (Francis J. Sullivan, New York City, of counsel), for appellant.

Emory L. Groff, Washington, D. C. (Emory L. Groff, Jr., Washington, D. C., of counsel), for appellee.

[1]. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of*

Before WORLEY, Chief Judge, RICH, MARTIN and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

RICH, Judge.

Application was made by appellee to register "Technograph" on the Principal Register as a trademark for "Pencils, leads and lead-holders," based on Swiss registration No. 150752 of 14 April 1954.

Appellant opposed the registration on the basis of ownership of Reg. No. 375,022 of Feb. 6, 1940, "Technicrayon" for "pencils of all kinds" and Reg. No. 558,728, May 13, 1952, "Techniflex" for "colored pencils," and also asserted that Reg. No. 613,177, Sept. 27, 1955, "Rapidograph" for "ball-point pens, fountain pens, mechanical pencils," issued to Koh-I-Noor Pencil Company, Inc., was "owned by opposer's related company." Opposer alleged confusing similarity of the mark sought to be registered to the above registered marks and damage through likelihood of confusion of the purchasing public.

No testimony was taken but a stipulation of facts was filed on behalf of opposer containing, inter alia, the following:

"3. Opposer, L. & C. Hardtmuth, Inc., and Koh-I-Noor Pencil Company, Inc., (a corporation organized under the laws of the State of New York), are related companies in that they both have substantially the same stockholders; have the same Directors and officers; and occupy the same premises."

The stipulation also states that opposer, Hardtmuth, acquired an exclusive license on February 7, 1957, from Technicolor Corporation (formerly Technicolor Motion Picture Corporation) owner of Reg. No. 346,321 of May 18, 1937 and Reg. No. 658,522 of Feb. 18, 1958 "for the trademark 'Technicolor' in respect of pencils," authorizing it to use that mark for pencils and related goods.

*Judge O'CONNELL*, pursuant to provisions of Section 294(d), Title 28 U.S.C.

The Trademark Trial and Appeal Board, in dismissing the opposition, held (123 USPQ 546) that notwithstanding the stipulation, Koh-I-Noor was not a "related company" within the meaning of the trademark act and that use by one company would not inure to the benefit of the other, and restricted the issue to opposer's "Technicrayon" and "Techniflex" registered marks and the likelihood of confusion with respect thereto.

While opposer raised all issues by its reasons of appeal, its brief presents but one issue, stated thus:

"Does the trademark Technograph so resemble Technicrayon or Techniflex, when used with the identical goods, namely pencils, as to be likely to cause confusion, mistake or deception of purchasers?"

Since no other issue is argued in the brief, we shall regard all others as abandoned and confine our discussion accordingly.

Applicant admits identity of goods, at least in part, and opposer's priority. It argues that the marks, considered as a whole as they must be, do not look alike, sound alike, or have the same meaning. Opposer, of course, says there is similarity of sound, appearance, and meaning. Discussion of these points would be futile except that mention should perhaps be made of opposer's argument based on meaning to the effect that "graph" is, in one sense, a combining form indicative of writing and that a crayon is a writing instrument. This argument apparently failed to impress the board and it does not much impress us. People standing at counters selecting pencils are not likely to be pondering such semantic niceties.

Opposer makes one point not mentioned by the board, though probably taken into account by it, namely, that pencils are cheap and bought by all kinds of people. We must proceed on that assumption.

The board, after coming to a conclusion as to what the final issue must be was very brief in deciding it and stating its reasons. It said:

"Considering the nature of the marks when applied to the goods, it is concluded that the resemblance is not such as to cause confusion, mistake or deception with resultant damage to opposer."

With the more precise statutory question in our minds as to whether there is a *likelihood* of confusion, we are of the opinion that the resemblance in the marks is such that if they were to be used on similar pencils there would be such likelihood.

Whatever may be said about the right hand ends of the marks, there is substantial identity in the left hand ends. "Techni-" or "Techno-" appears to be quite arbitrary as applied to pencils and there is but an insignificant difference between the two forms. It seems to us to be the striking or conspicuous or dominant portion of all of the marks as well as the portion of greatest trademark significance. "Crayon," at least, is purely descriptive. Additionally we have here the circumstance that opposer has two "Techni-" marks for pencils and "Technograph" pencils might be thought to be an addition to the line.

Applicant is the newcomer by admission and must bear the burden of staying clear of opposer's established rights.

The decision dismissing the opposition is *reversed.*

Reversed.

KIRKPATRICK, Senior District Judge, dissents.