53 CCPA

**TRI–VALLEY GROWERS, ASSIGNEE OF ORRELL'S FOOD PRODUCTS, INC., Appellant,**

v.

**MAPLE ISLAND, INC., Appellee.**

**Patent Appeal No. 7504.**

United States Court of Customs and Patent Appeals.

May 19, 1966.

William G. MacKay, San Francisco, Cal. (Charles R. Allen, Jr., Washington, D. C., of counsel), for appellant.

Submitted on record for appellee.

Before RICH, Acting Chief Judge, MARTIN, SMITH and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.[*]

RICH, Acting Chief Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board, sustaining an opposition by appellee to the registration of the word BOUNCE as a trademark for "A fountain syrup for making soft drinks."

The opposition is based on appellee's Principal Register registration No. 535,458, Dec. 26, 1950, of the same word as a trademark for "Chocolate Malt Flavored Milk."

Since the applicant's claimed date of first use is March 13, 1960, opposer is prior.

Though appellant raises the point that the goods of the parties are different, it is not seriously pressed in this court as a basis for finding absence of a likelihood of confusion. The board considered the goods to be "competitive in character" and we do not consider the difference in goods a sufficient reason for dismissing the opposition.

Appellant's main point is that because it denied the allegations of the notice of opposition, opposer was under a burden to produce more evidence than its above-mentioned registration to sustain its case. In connection with this argument it points to a letter its counsel allegedly received from a Vice President of appellee under date of May 15, 1961, in response to a letter not made of record, the body of which reads:

Dear Sir:

In reply to your letter of May 2, 1961, we have discontinued making a

BOUNCE Brand type of chocolate Milk.

Thank you for your interest.

This letter was submitted to the examiner after he cited opposer's registration as ground for refusing registration. He refused to accept it as an ex parte showing of abandonment of opposer's mark and advised the applicant it would have to seek cancellation under section 14(c) to overcome the rejection. Applicant then urged on the examiner the difference in the goods, arguing that this would justify passing the mark to publication, urging that cancellation is expensive and should be avoided where possible. The mark was thereupon passed to publication and this opposition promptly ensued.

Appellant's answer to the notice of opposition asserted that the above letter estopped opposer from maintaining "a claim of ownership of the brand for the said milk product." In its brief here it is asserted that "The denials put the Opposer to proof, but the Opposer failed to proceed further, which can only mean that we have here an absolute failure of proof in the face of the denials." It is on this basis, with the supposed aid of quotations from a number of cited cases, that appellant seeks reversal.

It is not asserted that opposer does not have an existing registration of BOUNCE on the Principal Register or that it is not of record herein. Under section 7(b) (15 U.S.C. § 1057(b)) that registration is prima facie valid and opposer is prima facie owner of the mark BOUNCE. Section 2(d) (15 U.S.C. § 1052(d)) prohibits registration of a mark "which so resembles a mark registered in the Patent Office * * * as to be likely, when applied to the goods of the applicant, to cause confusion, or to cause mistake, or to deceive: * * *." While the registration of BOUNCE relied on by opposer remains on the register, it is necessary for the Patent Office, and for us, to determine whether that

[*] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge WORLEY, pursuant to provisions of Section 294(d), Title 28, United States Code.

same mark, applied to appellant's goods, would be likely to cause confusion, mistake, or to deceive. The board answered that question in the affirmative. We agree with that decision. Registration to appellant is therefore prohibited by statute.

We have carefully considered all of the cases relied on by appellant and find therein nothing which would deny to opposer the right to rely on its registration or would require it to submit any further proof to sustain its opposition. For the most part, they were decided on grounds other than the point for which they were cited. Since we found no case supporting appellant's view, we see no need to review them in detail.

The decision of the board is affirmed. Affirmed.

MARTIN, Judge, concurs in the result.