Robert W. Beach, Seattle, Wash. (George R. Jones, Beale & Jones, Washington, D. C., of counsel), for appellant.

J. Hanson Boyden, D. C. Roylance, Washington, D. C., for appellee.

Before WORLEY, Chief Judge, and RICH, ALMOND and BALDWIN, Judges.

56 CCPA
**FOOD SPECIALTY CO., Inc., Appellant,**
v.
**STANDARD PRODUCTS COMPANY, Inc., Appellee.**

**Patent Appeal No. 8110.**

United States Court of Customs and Patent Appeals.

March 13, 1969.

RICH, Judge.

This appeal is from a decision of the Patent Office Trademark Trial and Appeal Board, 151 USPQ 649 (1966), dismissing appellant's opposition to appellee's registration on the Principal Register of "Pretty Kitty" for cat food, application serial No. 148,668, filed July 9, 1962, claiming first use June 6, 1962. Appellant's opposition is based on its registration[1] and prior use of "Kitty" also for cat food.

The only issue before us is whether "Pretty Kitty" so resembles "Kitty," as to be likely, when both marks are applied to cat food, to cause confusion or mistake or to deceive under section 2 (d) of the Trademark Act (15 U.S.C. § 1052(d)). Appellee attempts to introduce another issue by attacking the validity of appellant's mark and the registration thereof. Specifically, appellee asserts that "Kitty" as applied to cat food "is merely descriptive and generic * * and is incapable of exclusive appropriation," all but one page of appellee's elev-

---

1. Principal Register registration No. 702,658, issued August 9, 1960, on an application filed January 30, 1956, claiming first use in 1924.

en-page argument being addressed to this contention. We think it sufficient merely to point out that the validity of the registration of a mark may be tested only by a cancellation proceeding.[2] Contour Chair-Lounge Co. v. Englander Co., 51 CCPA 833, 324 F.2d 186, 139 USPQ 285 (1963) and Manchester (Home & Export) Ltd. v. Printz Biederman Co., 35 CCPA 1245, 168 F.2d 758, 78 USPQ 149 (1948).

On the way to holding that there is no likelihood of confusion between "Kitty" and "Pretty Kitty," the board stated, inter alia:

> In light * * * of the *obvious meaning of the word "KITTY" as applied to food for cats and/or kittens* and the fact that this word has been adopted by others as a part of their marks for cat food, opposer's mark is obviously entitled to a limited scope of protection. See: The Murray Corporation of America v. Red Spot Paint and Varnish Co., Inc., * * * and The Fleetwood Company v. Mende * * *.[3] [Emphasis added.]

We agree with appellant that the emphasized passage is somewhat obscure, but we assume it was merely intended to be a recognition that "Kitty" is not entirely arbitrary as applied to cat food, inasmuch as it is one of the names often given to the ultimate consumer of the product. Clearly, however, the word "kitty" is not descriptive of cat food or suggestive of any quality or property thereof. Although it is sometimes meaningful to speak of marks as being "weak" or "strong," or "suggestive" or "arbitrary,"[4] we should not lose sight of the ultimate question that must be answered, namely, whether there is a like-

lihood of confusion, mistake, or deception.

 In the present situation, notwithstanding the "obvious meaning" of "Kitty" and use of this word or a misspelling thereof in marks of other cat food manufacturers, we disagree with the board insofar as it concluded that confusion is unlikely when "Kitty" and "Pretty Kitty" are both applied to cat food.

The decision of the board is therefore reversed.

Reversed.

---

2. Appellee did initiate such a cancellation proceeding (No. 8,400) to cancel the registration of "Kitty" which appellant relies on here. The petition to cancel, however, was dismissed by the board, 151 USPQ 647, apparently because of the following finding:

> Not only does the majority of [appellant's] advertising promote "KITTY" *as a trademark* for its products but there is evidence of record that *it is* *recognized as such by purchasers.* [Emphasis added.]

Appellee has not appealed from the board's dismissal.

3. 47 CCPA 1152, 280 F.2d 158, 126 USPQ 390 (1960) and 49 CCPA 907, 298 F.2d 797, 132 USPQ 458 (1962), respectively.

4. These distinctions are more significant where the two marks in question are not applied to the identical goods.