57 CCPA

**COSMETICALLY YOURS, INC.,**
Appellant,

v.

**CLAIROL INCORPORATED,** Appellee.

Patent Appeal No. 8296.

United States Court of Customs
and Patent Appeals.

May 7, 1970.

**1386**

Myron Amer, Brooklyn, N. Y., attorney of record, for appellant.

H. C. Dieserud, New York City (Fish, Richardson & Neave, New York City), for appellee; David J. Kera, New York City, of counsel.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN, and LANE, Judges, and ROSENSTEIN, Judge, United States Customs Court, sitting by designation.

ROSENSTEIN, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board [1] sustaining an opposition by Clairol Incorporated to the application [2] by Cosmetically Yours, Inc. to register the words "Look Alive" as a trademark for "lipstick". We affirm.

Clairol's opposition is predicated on its ownership of the registered marks "Come Alive", [3] "Come Alive Gray", [4] "Come Alive Blonde", [5] "Come Alive Brown" [6] and "Come Alive Red" [7] for hair tinting and coloring preparations. Clairol contends that it would be damaged if "Look Alive" were registered for lipsticks because that mark so resembles its registered marks for hair coloring preparations that purchasers would be likely to be confused as to the origin and sponsorship of Cosmetically Yours' goods.

The board agreed, noting that, beginning in 1965, Clairol expanded its activities into marketing a general line of cosmetic preparations, including lip-

1. Reported at 154 USPQ 323. Our opinion assumes familiarity with the findings of the board there set forth.

2. Application serial No. 185,198, filed January 23, 1964, and asserting first use on the goods in commerce on December 2, 1963.

3. Reg. No. 695,418, issued Mar. 29, 1960.

4. Reg. No. 641,138, issued Feb. 5, 1957 to a predecessor-in-title.

5. Reg. No. 701,964, issued July 26, 1960.

6. Reg. No. 702,686, issued Aug. 9, 1960.

7. Reg. No. 703,332, issued Aug. 23, 1960.

sticks, and presently has a substantial business in this new line. Taking judicial notice that the products of the parties are all cosmetic preparations, the board observed that the record shows that a number of leading cosmetic companies market both hair preparations and facial cosmetics.

The board stated:

Despite the fact that opposer is the owner of its various registrations, it is applicant's primary contention herein that there would be no likelihood of confusion because opposer's only mark is "COME ALIVE GRAY" and that this mark is obviously different in various respects from "LOOK ALIVE". This contention of applicant must fail, however, both for the reason that opposer is the owner of a subsisting registration for the mark "COME ALIVE" and the fact that opposer's record supports continued use of this term as a mark. * * * it is our opinion that the goods of the parties are closely related and that applicant's mark "LOOK ALIVE" so resembles "COME ALIVE" in connotation that, as applied to applicant's goods, there would be a likelihood of confusion or mistake. * * *

■ Although appellant, in its reasons of appeal, arguably assigned error in the board's finding of likelihood of confusion between its mark "Look Alive" and Clairol's subsisting registered mark "Come Alive", it did not pursue that point in its brief or on oral argument. Accordingly, we pretermit that issue as abandoned. L. & C. Hardtmuth, Inc. v. Fabrique Suisse De Crayons Caran D'Ache S.A., 287 F.2d 599, 48 CCPA 873 (1961).

Appellant has chosen, instead, to narrow the issues of appeal to the correctness of the board's reliance on opposer's "Come Alive" trademark registration.

Appellant contends that Clairol is entitled to only a rebuttable presumption of use of "Come Alive" based on ownership of that registration, which was rebutted by "conclusively" showing nonuse of that mark since December 1958. The board erred, appellant urges, in rejecting the foregoing contention and should have held that the contest was between "Come Alive Gray" for hair rinse and "Look Alive" for lipstick; and that there is no likelihood of confusion between those two marks.

■ Section 2(d) of the Trademark Act (15 U.S.C. § 1052(d)) prohibits registration of a mark "which so resembles *a mark registered* in the Patent Office * * * as to be likely, when applied to the goods of the applicant, to cause confusion, or to cause mistake, or to deceive: * * *." (Emphasis supplied.) As long as the registration relied upon by an opposer in an opposition proceeding remains uncanceled, it is treated as valid and entitled to the statutory presumptions. Tri-Valley Growers etc. v. Maple Island, Inc., 360 F.2d 248, 53 CCPA 1217 (1966); Island Road Bottling Company v. Drink-Mor Beverage Co., 140 F.2d 331, 31 CCPA 816 (1944), and cases cited therein. Therefore, in the absence of a counterclaim for cancellation under section 14 of the Act (15 U.S.C. § 1064),[8] it is not open to an applicant to prove abandonment of the opposer's registered mark; and appellant's argument (upon which it now stakes its appeal) that opposer no longer uses the registered mark "Come Alive" must be disregarded. Food Specialty Co., Inc. v. Standard Products Co., Inc., 406 F.2d 1397, 56 CCPA 1005 (1969); Gillette Co. v. "42" Products Ltd., 396 F.2d 1001, 55 CCPA 1347 (1968).

■ One matter remains. In an appendix to its brief, appellant requests that we assess a portion of the costs of

---

**8.** The record shows that, in its answer to the Notice of Opposition, appellant did attempt to initiate a cancellation proceeding to cancel Clairol's mark "Come Alive" on the ground its use "has been abandoned." On motion by Clairol, the board dismissed that counterclaim for cancellation with prejudice for reasons unnecessary to detail here. Appellant did not appeal from that dismissal.

printing the transcript of the record against appellee because certain material added to the record by appellee's Supplemental Praecipe was unnecessary in resolving the issues raised by the appeal. However, under the circumstances here, we think appellee followed the prudent course in requesting inclusion of those items as they had appeared reasonably necessary to a proper determination of all the issues raised by appellant's reasons for appeal. Treating the request in appellant's brief as a motion, the motion is denied, and costs are assessed against appellant.

The decision is affirmed.

Affirmed.