THIS ORDER IS A
PRECEDENT OF THE
TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

June 6, 2025

Opposition No. 91286550

*Republic Technologies (NA), LLC*

*v.*

*Joker Smoker Shop, Inc. dba Joker Smoker*

**Michael Webster, Managing Interlocutory Attorney**

This case comes before the Board for consideration of Joker Smoker Shop, Inc.'s ("Applicant") motion (filed October 29, 2024) for leave to file an amended answer alleging an additional affirmative defense of abandonment against Republic Technologies (NA) LLC's ("Opposer's") pleaded registrations. The motion is fully briefed.[1]

---

[1] For purposes of this order, the Board presumes the parties' familiarity with the arguments and evidence submitted with respect to the motion and does not recount them here, except as necessary to explain this decision. *See Guess? IP Holder L.P. v. Knowluxe LLC*, Can. No. 92060707, 2015 WL 9702438, at *2 (TTAB 2015).

The citations in this order are in a form provided in the updated TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 101.03(a) (2024). This order cites decisions of the U.S. Court of Appeals for the Federal Circuit and the U.S. Court of Customs and Patent Appeals, if any, only by the page(s) on which they appear in the Federal Reporter (e.g., F.2d, F.3d, or F.4th). For decisions of the Board, this order employs citation to the **Westlaw (WL)** database. Practitioners should also adhere to the practice set forth in TBMP § 101.03.

### I.    Background

Applicant filed an application for the mark **JOKER SMOKER** for smoker's articles and associated retail and promotional services in International Classes 34 and 35.[2] Opposer filed a notice of opposition to registration of the mark based on a claim of likelihood of confusion. In support of its opposition, Opposer alleges, inter alia, ownership of Registration Nos. 1087438 and 2661926 for its "JOKER and JOKER and Design trademarks."[3] In its answer, Applicant denies the salient allegations and asserts various putative defenses.

On July 24, 2024, the Board denied consideration of Applicant's motion (filed July 17, 2024) to compel discovery on procedural grounds, but ordered the parties to meet and confer over outstanding discovery issues articulated in Applicant's motion. 12 TTABVUE 7.

On October 29, 2024, Applicant filed its motion to amend its answer to add the following affirmative defense: "Opposer has discontinued use of its marks, Registration Nos. 1,087,438, and 2,661,926, for a period of more than three (3) years, with intent not to resume use, and has thereby abandoned use of such marks pursuant to Section 45 of the Lanham Act."[4] 17 TTABVUE 12.

---

[2] Application Serial No. 97099203 was filed on October 29, 2021, based on use in commerce under Trademark Act Section 1(a), 15 U.S.C. § 1051(a).

[3] Notice of Opposition, ¶ 4, 1 TTABVUE 4.

[4] Applicant also proposed amending the "Request For Relief" in its answer to mirror the new proposed defense. 17 TTABVUE 12.

## II.    Analysis

Pleadings in an opposition proceeding "may be amended in the same manner and to the same extent as in a civil action in a United States district court." Trademark Rule 2.107(a), 37 C.F.R. § 2.107(a). At this stage in the proceeding, Applicant "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Board liberally grants leave when justice so requires unless entry of the proposed amended pleading would be prejudicial to the rights of the adverse party, would violate settled law, or would serve no useful purpose. *See* Fed. R. Civ. P. 15(a)(2); *see also Topco Holdings, Inc. v. Hand 2 Hand Indus., LLC*, Opp. No. 91267988, 2022 WL 157880, at *2 (TTAB 2022). In deciding whether to grant leave to amend, the Board may consider undue delay, prejudice to the opposing party, bad faith or dilatory motive, futility of the amendment, and whether the party previously amended its pleadings. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Topco Holdings*, 2022 WL 157880, at *2; *Am. Express Mktg. & Dev. Corp. v. Gilad Dev. Corp.*, Opp. No. 91183362, 2010 WL 956669, at *3 (TTAB 2010); *see also* TBMP § 507.02(a). These considerations, however, are not exhaustive. *Foman v. Davis*, 371 U.S. at 182 (making clear that the listed considerations are examples of reasons to deny leave to amend).

Here, Applicant's proposed affirmative defense is procedurally improper. Applicant's allegations of abandonment are an attack against the validity of Opposer's pleaded registrations and may be raised only by counterclaims or separate

petitions for cancellation, not by affirmative defense.[5] Trademark Rule 2.106(b)(3)(ii), 37 C.F.R. § 2.106(b)(3)(ii);[6] *Cosmetically Yours, Inc. v. Clairol Inc.*, 424 F.2d 1385, 1387 (CCPA 1970) ("[I]n the absence of a counterclaim for cancellation … it is not open to an applicant to prove abandonment of the opposer's registered mark …."); *see also Vitaline Corp. v. Gen. Mills, Inc.*, 891 F.2d 273, 276 (Fed. Cir. 1989) (Court affirmed Board's finding that appellant was precluded from raising abandonment claim in second Board proceeding because abandonment was an attack on the validity of the pleaded registrations that appellant failed to raise as a compulsory counterclaim as required under the Board's rule).[7]

---

[5] Under the Court's holding in *Duffy-Mott Co., Inc. v. Cumberland Packing Co.*, a party may be subject to a "sanction" that precludes the party from relying on its pleaded registration in a Board proceeding under the equitable doctrine of unclean hands if the mark has clearly been abandoned but the party "attempt[ed] to acquire a right as a result of a false statement" to the USPTO attesting to continued use of the registered mark in commerce. 424 F.2d 1095, 1099-1100 (CCPA 1970) (Court applying the equitable "sanction" to deter "such a cavalier attitude towards statements in affidavits under Section 15 …."); *see also Toro Co. v. GrassMasters Inc.*, 2003 WL 1786056, at \*7-8 (TTAB 2003) (following *Duffy-Mott*, the Board found that the false statement of continued use of the mark in the Section 9 affidavit precluded opposer from relying upon its pleaded registration); 3 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 20:22 (5th ed. Feb. 2025 Update) (discussing *Duffy-Mott* defense of unclean hands based on fraud on the USPTO as an exception to the requirement for a counterclaim or petition to cancel a pleaded registration).

[6] Trademark Rule 2.106(b)(3) applies to opposition proceedings. The corresponding rule for a defense attacking the validity of a pleaded registration in a cancellation proceeding is Trademark Rule 2.114(b)(3), 37 C.F.R. § 2.114(b)(3).

[7] The current version of Trademark Rule 2.106, as revised in 2016, supersedes earlier Board cases suggesting that even absent a counterclaim or petition to cancel, an abandonment defense can rebut a pleaded registration's Section 7(b) presumptions. *See, e.g.*, *Am. Optical Corp. v. Siemens Aktiengesellschaft*, 1982 WL 52009, at \*4 (TTAB 1982) ("Where [clear and unmistakable] evidence [of abandonment] exists, the presumption of continued use of the mark accorded by Section 7(b) is effectively rebutted."); *Lever Bros. v. Shaklee Corp.*, 1982 WL 50426, at \*6 (TTAB 1982) (Board stated that the Section 7(b) presumptions are "effectively rebutted where there is clear and unmistakable evidence in the record that the registered mark is invalid due to its having been abandoned, obtained on the basis of a false statement or subject to some other material defect").

That said, the pleaded allegations are sufficient to support legally sufficient counterclaims for abandonment.[8] *Lewis Silkin LLP v. Firebrand LLC*, Can. No. 92067378, 2018 WL 6923002, at \*4-6 (TTAB 2018) ("The petition to cancel pleads that Respondent is not using the mark with its goods and services, and has no intent to resume use. The Board finds that no more is necessary for a legally sufficient abandonment claim in the context of the Board's narrow jurisdiction limited to trademark registrability."). Further, Applicant did not unduly delay in seeking to amend its answer within two months after receiving amended discovery responses from Opposer.[9] *See Black & Decker Corp. v. Emerson Elec. Co.*, Opp. No. 91158891, 2007 WL 894416, at \*3 (TTAB 2007); *Karsten Mfg. Corp. v. Editoy AG*, Opp. No. 91101408, 2006 WL 1258869, at \*2 (TTAB 2006) (motion for leave to amend pleading granted because grounds for new claim learned during discovery); *see also* TBMP § 507.02(a). Nor did Opposer argue that it would be prejudiced by allowing Applicant to amend its answer. Six weeks remain in the discovery period if additional discovery is necessary. *See, e.g., Topco Holdings*, 2022 WL 157880, at \*4 (no undue prejudice when three months remain in discovery). The record also does not support that Applicant acted in bad faith or based on a dilatory motive in seeking leave to amend and Applicant has not previously amended its pleading.

---

[8] We give no consideration to Opposer's argument that Applicant's allegations are "futile" because Applicant cannot prove abandonment. Whether the moving party can prove the allegations sought to be added to a pleading is a matter to be determined after the introduction of evidence at trial or in connection with a proper motion for summary judgment. *See, e.g. Focus 21 Int'l Inc. v. Pola Kasei Kogyo Kabushiki Kaisha*, 1992 WL 88052, at \*3 (TTAB 1992).

[9] Reply Brief, 20 TTABVUE 6.

For all of these reasons, Applicant is allowed **fifteen (15) days** from the date of this order to file an amended answer asserting counterclaims for abandonment against the pleaded registrations, including the required fees. Trademark Rule 2.6(a)(16)(i), 37 C.F.R. § 2.6(a)(16)(i). If Applicant files an amended answer with counterclaims, the Board will construe Applicant's motion for leave to amend as asking to add properly pleaded counterclaims for abandonment. Accordingly, a decision on the motion for leave to amend is deferred and proceedings remain suspended.[10]

---

[10] If Applicant files an amended answer with counterclaims for abandonment and pays the required fees, the construed motion for leave to amend will be granted, the new pleading will be accepted as Applicant's operative pleading and proceedings will resume starting with Opposer's time to answer the counterclaims. Otherwise, the motion will be denied and proceedings will resume with Applicant's answer at 4 TTABVUE as its operative pleading.