45 C.C.P.A. (Patents).

**ERLEN PRODUCTS COMPANY,**
**Appellant,**

v.

**The TONI COMPANY (The Gillette Company, Assignee, substituted),**
**Appellee.**

**Patent Appeal No. 6296.**

United States Court of Customs and Patent Appeals.

Jan. 22, 1958.

Albert J. Fihe, Burbank, Cal. (Munson H. Lane, Washington, D. C., of counsel), for appellant.

Rowland V. Patrick, Boston, Mass. (Fish, Richardson & Neave, Philip Colman, Boston, Mass., Crowell & Leibman, Richard H. Prins, Chicago, Ill., of counsel), for appellee.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, RICH, and JACKSON (retired), Judges.

WORLEY, Judge.

This is an appeal from the decision of the Assistant Commissioner of Patents affirming the action of the Examiner of Trademarks in dissolving Trademark Interference No. 5,067 and holding appellant's mark involved therein to be unregistrable.

The interference involved appellant's application No. 630,186, filed May 24, 1952, for registration of "Tonicool" for shampoo, claiming use since 1939, and registration No. 516,594, for "Toni," applied to shampoo, granted to appellee's predecessor in title on October 18, 1949, on an application filed May 7, 1948, alleging use since June 6, 1947. Appellant's application was published June 9, 1953, subject to the interference which was declared November 3, 1953.

On December 3, 1953, the registrant, appellee, moved to dissolve the interference on the basis of its prior registration, No. 502,315, granted September 21, 1948, on an application filed July 28, 1947, for the trademark "Toni" applied to a home permanent waving kit, the motion alleging that applicant's mark "Tonicool," when applied to a shampoo product would be likely to cause confusion with "Toni" as applied to permanent waving kits. It was further alleged that registration No. 502,315 had become incontestable by reason of the filing on September 23, 1953, of the affidavit required by Section 15 of the Lanham Act (Trade-Mark Act of 1946), 15 U.S.C.A. § 1065. That affidavit asserted, inter alia, that there was no proceeding involving the registrant's right to register the mark pending in the Patent Office or in a court.

In opposing the motion to dissolve, the applicant agreed that "applicant's

trade-mark 'Tonicool' as used on shampoo, so nearly resembles the mark 'Toni' covered by certificate No. 502,315, and that the respective goods of the parties are of the same descriptive properties, that confusion and mistake and deception of the purchasing public would be likely to result if the marks were used concurrently." Applicant requested that the interference "be broadened to include registrant's aforesaid certificate No. 502,315," but no formal motion to that effect was made.

The examiner held applicant's mark unregistrable in view of registration No. 502,315, and accordingly granted the motion to dissolve. He refused to include that registration in the interference on the ground that it had become incontestable and that Section 16 of the Lanham Act, 15 U.S.C.A. § 1066, provides that no interference shall be declared between an application and an incontestable registration. Applicant appealed to the Commissioner but, in so doing, did not allege error in the examiner's refusal to include registration No. 502,315 in the interference.

The Assistant Commissioner, acting for the Commissioner, in affirming the decision of the examiner, held that "The Examiner of Trademarks was correct in denying registration of 'Tonicool' for shampoo on the ground of likelihood of confusion with the registered mark (Reg. 502,315) 'Toni' for home permanent waving kits."

■ Appellant's reasons of appeal to this court do not question the action of the Patent Office tribunals in failing to include registration No. 502,315 in the interference, and in appellant's brief here it is stated that "Registrant's Certificate No. 502,315 covering home permanent waving kits was properly excluded from the interference." Accordingly, no question as to whether that registration should have been so included is presented here.

■ As above noted, it was held by the examiner and the Commissioner that registration No. 502,315 constituted a bar to the registration by appellant of its mark. If that holding is correct then the dissolution of the interference was proper since Patent Office Trademark Rule 2.92, 15 U.S.C.A.Appendix, requires as a prerequisite to an interference that the marks in controversy "must have been decided to be registrable by each party except for the interfering mark."

Appellant urges in its brief here that shampoo and home permanent waving kits are not goods of the same descriptive properties and that the use of the same or similar trademarks on such goods would not be likely to lead to confusion but, as above noted, it apparently did not take that position in the Patent Office.

Moreover, appellant's reasons of appeal to this court do not assign error in the holding of the Assistant Commissioner as to confusing similarity between appellant's mark and that of registration No. 502,315.

■■ Under such circumstances the question as to confusing similarity is not properly before us, but it may be noted that, in our opinion, the decision of the Assistant Commissioner on that matter was correct. The marks "Toni" and "Tonicool" are obviously quite similar, "Toni" being the sole mark in one case and the most significant part of it in the other. Shampoo and permanent waving kits are, in our opinion, so closely related that a prospective purchaser seeing the same or similar trademarks on them, would be likely to assume that they emanated from the same source.

Section 2(d) of the Lanham Act, 15 U.S.C.A. § 1052(d) precludes the registration of a trademark which "so resembles a mark registered in the Patent Office or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when applied to the goods of the applicant, to cause confusion or mistake or to deceive purchasers." As above pointed out, appellant's mark bears such a relationship to the mark of registration No. 502,315,

which was granted long prior to the filing of appellant's application.

 It follows that appellant is not entitled to registration of the mark set forth in its application unless and until registration 502,315 has been overcome. That cannot be done in this interference since, as above stated, the Patent Office tribunals have refused to include the registration in the interference and appellant has not questioned such refusal in the instant appeal.

Appellant, in his reasons of appeal and brief, contends that registration No. 502,315 is not incontestable for the reason that there was a proceeding involving the registrant's rights pending when the affidavit required by Section 15 of the Lanham Act was filed. However, whether that registration is incontestable or not, it stands as a bar to appellant's right to register the mark here involved so long as it remains uncancelled. Assuming that the registration is contestable it cannot, for the reasons above stated, be contested in the instant interference and, accordingly, the issue of incontestability and appellant's arguments with respect thereto need not be further considered.

Appellant alleges that the Assistant Commissioner erred in "holding in effect" that appellee's registration No. 516,594 is incontestable. We do not understand the decision of the Assistant Commissioner as making such a holding, and appellee's brief concedes that that registration is not incontestable. The holding was merely that appellant cannot contest it in the instant interference.

For the reasons given we are of the opinion that the interference was properly dissolved and the decision of the Assistant Commissioner is accordingly affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate.