58 CCPA

**Application of CALGON CORPORATION.**
**Patent Appeal No. 8366.**

United States Court of Customs
and Patent Appeals.
Jan. 7, 1971.

Eugene F. Buell, Pittsburgh, Pa. (Buell, Blenko & Ziesenheim), Pittsburgh, Pa., for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Lutrelle F. Parker, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN, and LANE, Associate Judges, and RE, Judge, United States Customs Court, sitting by designation.

RE, Judge.

Calgon Corporation appeals from the decision of the Trademark Trial and Appeal Board[1] sustaining the examiner's refusal to register on the Principal Register the following trademark,[2] aptly described as a silhouette of a girl in a bathtub with a blossom design:

[A3413]

It is used for water softeners, hair rinses, perfumed water conditioners, and compositions containing bath oil, perfume and water softener.

Registration was refused because, in the Patent Office view, Calgon's mark "so resembles a mark registered in the Patent Office * * * as to be likely, when applied to the goods of the applicant, to cause confusion, or to cause mistake, or to deceive * * *." 15 U.S.C. § 1052(d). The examiner cited the following mark,[3] also a silhouette of a girl in a bathtub, for "Cosmetic Preparation for Perfuming and Softening Bath Water":

[A3414]

In sustaining the refusal to register appellant's mark, the board stated:

Considering the fact that both of the marks here involved basically consist of a representation of a girl in a bathtub and that the goods on which such marks are used are in part identical, it must be concluded that there would be a likelihood of confusion or mistake when applicant applies its mark to the goods for which it seeks registration.

We find no reversible error in that conclusion. In light of the similarity in motif and appearance between applicant's mark and the registered mark, both of which are design marks and are applied to essentially identical goods, we cannot agree with appellant's arguments that confusion between the marks, or mistake as to origin of the goods by purchasers, is not likely. Lack of evidence of actual confusion or mistake, of course, does not preclude a finding of likelihood of confusion. Southern Enterprises, Inc. v. Burger King of Florida, Inc., 419 F.2d 460, 57 CCPA 826, (1970).

Even so, Calgon urges that it is nevertheless entitled to registration of its mark because it is first user, and alleges that it

* * * has shown that it was the first to appropriate and use the mark

---

1. Reported at 156 USPQ 419.

2. Appearing in application serial No. 249,698, filed July 6, 1966, asserting first use of the mark on the goods in commerce on April 28, 1966.

3. The mark appears in Registration No. 701,969, registered July 26, 1960 on an application filed April 15, 1959. As the board noted, affidavits under 15 U.S.C. § 1058 and 15 U.S.C. § 1065 have been accepted and received, respectively, by the Patent Office.

**598**

in nationwide publicizing of its products in newspapers, magazines and trade journals long prior to the date of first use asserted by the registrant * * *.

In support of its contention appellant states:

Appellant's position on priority is based upon the fact that, while the present trademark has been used directly on goods only since April 28, 1966, it has been used at least in part, i.e., the girl in the bathtub portion, in advertising for the goods since at least February, 1955. This is particularly shown in the affidavit of Jesse C. Weithaus, Vice-President of Consumer Products of applicant filed in the present application. This advertising is, it is submitted, an establishment of a date of use sufficiently in advance of the reference mark to make the reference mark inapplicable.

It argues further that "since appellant is the prior user of the mark, the registrant cannot be damaged in any legal sense by the registration sought."

■ The board did not agree with appellant, nor do we. As the board correctly pointed out, "the question of priority of use is not germane to applicant's right to register" in this *ex parte* proceeding. The pertinent statutory provision, 15 U.S.C. § 1052(d), proscribes registration of a trademark which so resembles, inter alia, a *mark registered* in the Patent Office "as to be likely, when applied to the goods of the applicant, to cause confusion, or to cause mistake, or to deceive." That particular portion of § 2(d) does not speak of priority but of a "mark registered", Contour Chair-Lounge Co., Inc. v. Englander Co., Inc., 324 F.2d 186, 51 CCPA 833 (1963). The cited registration is clearly a "mark registered" in the Patent Office which is entitled to the statutory presumptions and benefits of 15 U.S.C. § 1057(b),[4] and we have agreed with the board that appellant's mark so resembles it that confusion or mistake would be likely. That determination effectively ends the matter.

■ It is evident that appellant, in emphasizing its asserted priority of use in advertising and in speaking in terms of antedating the reference mark, is in effect collaterally attacking the validity and ownership of that registration without instituting formal cancellation proceedings under 15 U.S.C. § 1064 on whatever grounds, if any,[5] may be available to it at this date. The present *ex parte* proceeding is not the proper forum from which to launch such an attack,[6] Island Road Bottling Company v. Drink-Mor Beverage Co., 140 F.2d 331, 336, 31 CCPA 816, 823–824 (1944). It follows that appellant is not entitled to registration of its mark while the cited registration remains on the register. See, by way of analogy, Erlen Products Co. v. The Toni Co., 251 F.2d 625, 45 CCPA 769 (1958); Cosmetically Yours, Inc. v. Clairol Inc., 424 F.2d 1385, 57 CCPA 1071 (1970), and cases cited therein.

We have considered the cases cited by appellant in support of its position, including Cambridge Rubber Co. v. Sun Valley Mfg. Co., 137 USPQ 385 (TTAB, 1963), but find none sufficiently in point to be controlling. The decision is affirmed.

Affirmed.

---

4. There it is specifically provided that the certificate of registration constitutes prima facie evidence of the validity of the registration, registrant's ownership of the mark and of registrant's exclusive right to use the mark in commerce in connection with the goods specified in the certificate.

5. Appellant did not file a petition "within five years from the date of registration of the mark", 15 U.S.C. § 1064(a), and thus is relegated to the grounds for cancellation specified in 15 U.S.C. § 1064(c).

6. In any event, appellant's assertion in its brief that it has proven priority of use is unsupported by any evidence of record. Moreover, such assertion of priority is quite premature in absence of opportunity for the presentation of any priority evidence by the registrant. See In re Brockway Glass Company, Inc., 154 F.2d 673, 33 CCPA 969 (1946).