58 CCPA

**KEMIN INDUSTRIES, INC., Appellant,**

v.

**FLAVOR CORPORATION OF AMERICA, Appellee.**

**Patent Appeal No. 8436.**

United States Court of Customs and Patent Appeals.

May 13, 1971.

Donald H. Zarley, Bruce W. McKee, Dennis L. Thomte, Des Moines, Iowa, attorneys of record, for appellant.

Malcolm McCaleb, William E. Lucas, Chicago, Ill., for appellee. Horton, Davis, McCaleb & Lucas, Chicago, Ill., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and DURFEE, Judge, United States Court of Claims, sitting by designation.

BALDWIN, Judge.

Kemin Industries, Inc. appeals from the decision of the Trademark Trial and Appeal Board[1] granting the petition of Flavor Corporation of America to cancel the registration[2] on the Supplemental Register of Kemin's mark "Lure" for a "Flavoring Additive for Animal Feeds."

The board granted cancellation on the basis of Flavor Corporation's prior use and registration of "Pestlur"[3] for "Flavoring Materials Used in the Manufacture of Rodenticides." It regarded "Lure" to so resemble the registered mark "Pestlur" as to be likely, when applied to Kemin's goods, to cause confusion, or to cause mistake, or to deceive. 15 U.S.C. § 1052(d).

Briefly, the record shows that both Kemin and Flavor Corporation are engaged in the manufacture and marketing of flavor additives. In particular, Flavor Corporation sells a varied line of flavoring additives to animal feed manufacturers, as well as to pesticide or rodenticide manufacturers, for incorporation in their respective products to assist in attracting the particular animal or pest to the feed material or stimulating its appetite for it. Since 1956, Flavor Corporation has associated the mark "Pestlur" with one such flavor additive it has sold to pesticide and rodenticide manufacturers. Similarly, Kemin founded by a former salesman and acting sales manager of Flavor Corporation, sells a line of flavorings to animal feed manufacturers, and has applied the mark "Lure" to such flavoring since early 1962. It also has sold a small quantity of rodenticide flavoring under the mark "Rat Lure". The record supports the board's finding that:

\* \* \* flavorings for rodenticides and flavorings for animal feeds are to some extent at least promoted through a common trade publication, and that at least one manufacturer of animal feeds also makes rodenticides and hence would be a prospective purchaser

1. Abstracted at 157 USPQ 717.

2. Registration No. 803,257, issued February 1, 1966, asserting first use in commerce in February 1962.

3. Registration No. 777,523, issued September 22, 1964, asserting first use in commerce in November 1956.

for the flavoring additives of both parties. Moreover, there is no support in the record for respondent's contention that purchasers of such goods are discriminating as to trademarks.

Appellant's principal argument here is that the board erred in failing to distinguish between the "vastly different" channels of trade for the rodenticide flavorings of Flavor Corporation and the animal feed flavorings of Kemin, and in concluding that the respective goods of the parties are purchased by the same class of purchasers. The "vast" difference in trade channels and purchasers is real to a certain extent, we suppose, but in other respect is quite tenuous since, as the board noted, the record shows there is at least one manufacturer of both rodenticide and animal feeds who would be a potential customer for the flavoring materials of both parties. We cannot say that the board erred in determining that a purchaser familiar with appellee's lines of animal feed and rodenticide flavorings, the latter sold under the mark "Pestlur", would, on encountering appellant's "Lure" animal feed flavoring additive, be likely to assume by reason of confusion or mistake that a common source or origin existed. Under well-established precedent, any doubt on that score is resolved against the newcomer.

Appellant also urges that Flavor Corporation cannot successfully petition to cancel the registration of "Lure" because it has not shown that it actually has applied its mark "Pestlur" in any manner to its goods prior to appellant's date of first use of "Lure". That argument, which amounts to a denial of appellee's ownership and priority of use of its mark as well as an indirect attack on the validity of appellee's registration, is irrelevant to the proceedings at hand, since Flavor Corporation is entitled to rely on its extant registration of "Pestlur" under the terms of 15 U.S.C. § 1052 (d). See, *e. g.,* In re Calgon Corporation, 435 F.2d 596, 58 C.C.P.A. 830 (1971), and cases cited therein.

Inasmuch as we have agreed with the board's decision regarding likelihood of confusion between "Lure" and "Pestlur", we need not rule on appellant's further assignment of error in the board's additional reliance on appellee's use of the marks "Rodentlur" and "Fishlur". The decision of the board is affirmed.

Affirmed.